Electronically Filed
11/12/2020 12:24 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
**PETER S. CHRISTIANSEN, ESQ.**
Nevada Bar No. 5254
pete@christiansenlaw.com
**R. TODD TERRY, ESQ.**
Nevada Bar No. 6519
tterry@christiansenlaw.com
**WHITNEY J. BARRETT, ESQ.**
Nevada Bar No. 13662
wbarrett@christiansenlaw.com
**KEELY A. PERDUE, ESQ.**
Nevada Bar No. 13931
keely@christiansenlaw.com
**CHRISTIANSEN LAW OFFICES**
810 South Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Telephone:    (702) 240-7979
Facsimile:     (866) 412-6992
*Attorneys for Plaintiff*

CASE NO: A-20-824636-C
Department 1

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| PATRICIA A. RAMSEY, an Individual;<br><br>Plaintiffs,<br><br>vs.<br><br>P.F. CHANG'S CHINA BISTRO, INC., a Foreign Corporation, d/b/a P.F. CHANG'S; DOES I through X, inclusive; and ROE BUSINESS ENTITIES XI through XX, inclusive,<br><br>Defendants. | CASE NO.<br>DEPT. NO.<br><br>**COMPLAINT**<br>**And DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff, PATRICIA A. RAMSEY, by and through her attorneys, PETER S. CHRISTIANSEN, ESQ., R. TODD TERRY, ESQ., WHITNEY J. BARRETT, ESQ. and KEELY A. PERDUE, ESQ. of CHRISTIANSEN LAW OFFICES and for her causes of action against Defendants, and each of them, allege as follows:

/ / /

/ / /

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

1. That at all times mentioned herein, upon information and belief, Plaintiff, PATRICIA A. RAMSEY, was and is a resident of Clark County, Nevada.

2. That at all times mentioned herein, upon information and belief, Defendant P.F. CHANG'S CHINA BISTRO, INC., a Foreign Corporation, was and is authorized to do and doing business as P.F. CHANG'S CHINA BISTRO in Clark County, Nevada.

3. That P.F. CHANG'S CHINA BISTRO, INC. d/b/a P.F. CHANG'S CHINA BISTRO, is believed to be the owner, operator, lessor, and/or manager of the property located at 1095 S. Rampart Blvd., Las Vegas, Nevada 89145 (hereinafter "Subject Restaurant").

4. That Plaintiff is informed and believes, that on or about November 24, 2018, Defendant P.F. CHANG'S CHINA BISTRO, INC. d/b/a P.F. CHANG'S CHINA BISTRO is believed to be the owner, co-owner, operator, lessor, lessee and/or manager of the property located at 1095 S. Rampart Blvd., Las Vegas, Nevada 89145 ("Subject Restaurant").

5. That the true names and capacities, whether individual, corporate, association or otherwise of the Defendant, DOES I through X and/or ROE BUSINESS ENTITIES XI through XX, are unknown to Plaintiff at this time. Plaintiff is informed and believes, and thereupon alleges, that each of the Defendant designated herein as DOES and/or ROES is responsible in some manner for the events and happenings herein referred to, and in some manner caused the injuries and damages proximately thereby to the Plaintiff, as herein alleged; that the Plaintiff will ask leave of this Court to amend this Complaint to insert the true names and capacities of said Defendants, DOES I through X and/or ROE BUSINESS ENTITIES XI through XX inclusive, when the same have been ascertained by Plaintiff, together with the appropriate charging allegations, and to join such Defendant in this action.

6. Plaintiff is informed and believes, and based upon such information and belief, alleges that each of the Defendants herein designated as DOES and ROES are in some manner, responsible for the occurrences and injuries sustained and alleged herein.

7. That Plaintiff is informed and believes, that on or about November 24, 2018, Defendants, and each of them, were the agents and/or servants and/or employees and/or partners

2

1  and/or joint venturers and/or employers of the remaining Defendants and were acting within the
2  course and scope of such agency, employment, partnership or joint venture and with the
3  knowledge and consent of the remaining Defendants.

4      8.    On or about November 24, 2018, Plaintiff PATRICIA A. RAMSEY, was a patron
5  of P.F. CHANG'S CHINA BISTRO located at 1095 S. Rampart Blvd., Las Vegas, Nevada 89145.
6  As Plaintiff was walking through the Subject Restaurant toward the restroom, she slipped and fell
7  on a foreign substance on the floor, resulting in serious and permanent bodily injuries.

8      9.    That all the facts and circumstances that give rise to the subject lawsuit occurred
9  in Clark County, Nevada.

### FIRST CAUSE OF ACTION
*(Negligence - Premises Liability)*

12      10.    Plaintiff incorporates by this reference each and every allegation made in the
13  preceding and ensuing paragraphs as if fully set forth herein.

14      11.    At all times mentioned, Defendants were the owners, managers, supervisors,
15  maintainers, operators, and controllers of the premises and common areas of the Subject
16  Restaurant.

17      12.    Defendants, and each of them, were responsible for and maintained exclusive
18  control over the day-to-day operations of the Subject Restaurant.

19      13.    Defendants, and each of them, owed a duty to maintain that a safe, hazard-free
20  floor area for the general public, including Plaintiff, at the time and location of the incident.

21      14.    Defendants, and each of them, breached said duty by failing inspect and maintain
22  a safe, hazard-free condition at the time and location where Plaintiff was injured. Additionally,
23  Defendants negligently failed to inform Plaintiff of dangerous and hazardous conditions.

24      15.    Defendants had actual and/or constructive notice of the hazardous and dangerous
25  condition prior to the time the incident occurred. Defendants knew or should have known that
26  an unreasonably dangerous and hazardous condition existed at the Subject Restaurant being
27  patronized by Plaintiff.

28

16. Employers, masters and principals are vicariously liable for the torts committed by their employees, servants and agents if the tort occurs while the employee, servant or agent was acting in the course and scope of employment.

17. Defendants were the employers, masters and principals of each other, the remaining Defendants, and other employees, agents, independent contractors and/or representatives who negligently failed to maintain a safe and hazard-free premises for the general public, including Plaintiff.

18. At all times mentioned herein, Defendants and other employees named as DOE/ROE Defendants, and each of them, were employees and/or agents of one or all of Defendants and were acting within the scope of their employment.

19. Any and all liability of Defendants' employees and/or agents, is imputed to Defendants, and each of them, under the doctrine of respondeat superior and/or N.R.S. 41.130, which states:

> Except as otherwise provided in N.R.S. 41.745, whenever any person shall suffer personal injury by wrongful act, neglect or default of another, the person causing the injury is liable to the person injured for damages; and where the person causing the injury is employed by another person or corporation responsible for his conduct, that person or corporation so responsible is liable to the person injured for damages.

20. Accordingly, Defendants, and each of them, are vicariously liable for the damages caused by their employees' actions and negligence, further encompassing the actions of those hired by Defendants to maintain the premises.

21. Due to the hazardous condition, and as a direct and proximate result of the conduct of the Defendants, Plaintiff was caused to be hurt and sustained serious injury to her respective health, strength and well-being, sustain severe and permanent injury to body, and shock and injury to the nervous system and person, and pain, suffering, anxiety, and emotion distress, all of which have caused Plaintiff, and will continue to cause Plaintiff in the future, severe mental, physical, nervous pain and suffering, and loss of enjoyment of life and have caused Plaintiff to suffer general damages in excess of $15,000.00.

22. As a further actual and proximate result of the conduct of Defendants, Plaintiff was required to, and did, employ physicians and other health care providers to examine, treat, and care for her and did incur medical and incidental expenses thereby. Plaintiff also suffered loss of income and household services, and in the future Plaintiff will lose income and/or earning capacity and household services. The exact amount of such expenses is unknown at the present time, but Plaintiff alleges that she has suffered special damages in excess of $15,000.00.

23. Plaintiff has been required to retain the services of an attorney to prosecute this action and is entitled to reasonable attorneys' fees, interests, and costs incurred herein.

## SECOND CAUSE OF ACTION

*(Negligent Hiring, Training, Retention, and Supervision)*

24. Plaintiff incorporates by this reference each and every allegation made in the preceding and ensuing paragraphs as if fully set forth herein.

25. Defendants, and each of them, owed a duty of due and reasonable care to properly and adequately hire, train, retain, and supervise their employees, agents, managers, officers, directors, independent contractors and/or servants, including, but not limited to, DOE/ROE Defendants, so as to avoid unreasonable risk of harm to the general public, invitees, patrons, and business invitees of the Subject Restaurant.

26. Defendants, and each of them, were responsible for and maintained exclusive control over the day-to-day operations of the Subject Restaurant.

27. Upon information and belief, Defendants breached their duty by failing to adequately hire, supervise, retain, and/or train their employees, agents, managers, officers, directors, independent contractors and/or servants, including, but not limited to, DOE/ROE Defendants.

28. As a result of Defendants' failure to adequately hire, supervise retain and/or train their employees, agents, managers, officers, directors, independent contractors and/or servants, including but not limited to, DOE/ROE Defendants, and each of them, were placed in positions for which they were unsuitable and/or inadequately trained.

5

29. As a direct and proximate result of Defendants' and/or DOE/ROE Defendants' negligence as alleged herein, Plaintiff was caused to be hurt and sustain injury to her respective health, strength and well-being, sustain severe and permanent injury to body, and shock and injury to the nervous system and person, and pain, suffering, anxiety, and emotional distress, all of which have caused Plaintiff, and will continue to cause Plaintiff in the future, severe mental, physical, nervous pain and suffering, and loss of enjoyment of life and have caused Plaintiff to suffer general damages in excess of $15,000.00.

30. As a further actual and proximate result of the aforementioned negligence of Defendants, Plaintiff was required to, and did, employ physicians and other health care providers to examine, treat, and care for her and did incur medical and incidental expenses thereby. Plaintiff also suffered loss of income and household services, and in the future Plaintiff will lose income and/or earning capacity and household services. The exact amount of such expenses is unknown at present time, but Plaintiff alleges that she has suffered special damages in excess of $15,000.00.

31. Plaintiff been required to retain the services of an attorney to prosecute this action and is entitled to reasonable attorney's fees, interest, and costs incurred herein.

## DEMAND FOR JURY TRIAL

32. Plaintiff hereby demands a trial by jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for judgment against Defendants, and each of them, as follows:

1. General damages in an amount in excess of $15,000.00;
2. Special damages in an amount in excess of $15,000.00;
3. Medical and incidental expenses incurred and to be incurred;
4. Damages for lost earnings and earning capacity, and future earning capacity;
5. Damages for lost past and future household services;
6. Damages for past and future pain, suffering, disfigurement, mental anguish, and loss of enjoyment of life;

7. Costs of suit, reasonable attorney fees, interest incurred herein; and for such other and further relief as is just and proper.

Dated this 12th day of November, 2020.

            CHRISTIANSEN LAW OFFICES

            By_____
            PETER S. CHRISTIANSEN, ESQ.
            R. TODD TERRY, ESQ.
            WHITNEY J. BARRETT, ESQ.
            KEELY A. PERDUE, ESQ.
            *Attorneys for Plaintiff*